1  Bill Lann Lee – CA State Bar No. 108452
   Andrew Lah – CA State Bar No. 234580
2  Julia Campins – CA State Bar No. 238023
   Joshua Davidson - CA State Bar No. 275168
3  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   476 – 9th Street
4  Oakland, CA 94607
   Telephone: (510) 839-6824
5  Facsimile: (510) 839-7839
   Email: blee@lewisfeinberg.com

6

7  *Attorneys for Plaintiffs*

   Timothy P. Fox – CA State Bar No. 157750
   Fox & Robertson, P.C.
   104 Broadway, Suite 400
   Denver, CO 80203
   Telephone: (303) 595-9700
   TTY: (877) 595-9706
   Facsimile: (303) 595-9705
   Email: tfox@foxrob.com

   Additional attorneys listed below

8              IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 Mohan Vallabhapurapu; Ron Sarfaty; Kenneth       )  Case No. _____
   Kilgore; Tyrey Mills, a minor, by and through his )
   next friend and mother Ginene Mills; Jenilyn      )  **COMPLAINT**
11 Jimenez; Elizabeth Baker; William Farber; Uverda  )
   Harry; Daniel Hernandez; Kathryn Tyler; Priscilla )
12 Walker; Richard Felix; Kathleen Gonzalez; Judy    )  [CLASS ACTION]
   Cutler; Diane Dailey; Carol Lacher; Bethany       )
13 McClam; Erik Nieland; Carol Picchi; William       )
   Showen; Anne Casey; George Partida; Kitty Dean;   )
14 Alfred Brown; Marsha Shining Woman; Goldene       )
   Springer; and Daniel Xenos on behalf of themselves )
15 and others similarly situated,                    )
                                                     )
16              Plaintiffs,                           )
                                                     )
17      vs.                                          )
                                                     )
18 Burger King Corporation,                          )
                                                     )
19              Defendant.                            )
                                                     )
20 _____ )

21                      **INTRODUCTION**

22      1.      Burger King Corporation ("BKC") is a national corporation that leases and/or

23 subleases approximately ninety restaurants in the State of California to tenant/franchises ("BKL

24 restaurants").  This proposed class action alleges that BKC has violated state and federal laws

25 and regulations by pursuing discriminatory policies or practices that result in unlawful

26 architectural or design barriers which deny customers who use wheelchairs or scooters access

27 to services at BKL restaurants.

28

2.     BKC pursues a policy or practice of failing to build, alter and maintain BKL restaurants in compliance with applicable wheelchair-access regulations.  State and federal law provide BKC with objective requirements for architectural and design features to ensure that BKL restaurants will be accessible to customers who use wheelchairs and scooters.  Pursuant to statutory mandate, the Department of Justice has promulgated Standards for Accessible Design at 28 C.F.R. pt. 36, app. A ("DOJ Standards"), *see* 42 U.S.C. § 12186(b) (statutory mandate), and the California State Architect has developed the accessibility standards set forth in the California Building Code, Cal. Code Regs., tit. 24 ("Title 24"), *see* Cal. Gov't Code § 4450 (statutory mandate).  The DOJ Standards and Title 24 will be collectively referred to as the "Disability Access Requirements."  The Disability Access Requirements contain detailed design specifications for public accommodations covering a variety of architectural elements, including, for example, parking lots, accessible routes, and restrooms.  In addition, the applicable regulations require BKC to maintain BKL restaurants in compliance with these standards.  During the class period, however, BKC has provided uniform, objective requirements to tenant/franchisees to build, maintain or modify architectural or design features in BKL restaurants *except for* many Disability Access Requirements.  During the class period, BKC has also regularly monitored compliance by tenant/franchises with these requirements *except for* many Disability Access Requirements.  As a result, BKL restaurants have -- and have had during the class period -- unlawful access barriers.

3.     These unlawful access barriers include but are not limited to entry and restroom doors that are too heavy; inaccessible restrooms; inaccessible parking lots; inaccessible path of travel to the service counter; inaccessible service counters; inaccessible dining areas; and inaccessible drinks and self-service dispensers.  These barriers have subjected Plaintiffs and the proposed Class and Subclasses to injury, and will continue to do so unless enjoined.

4.     This complaint seeks declaratory and injunctive relief to correct BKC's policies and practices to include measures necessary to ensure compliance with Disability Access Requirements and to include monitoring of such measures, to remove unlawful access barriers, and to prevent their recurrence so that Plaintiffs and the proposed Class and Subclasses of

1   customers who use wheelchairs or scooters will have full and equal enjoyment of BKL

2   restaurants.  The complaint also seeks minimum statutory damages to compensate Class and

3   Subclass members for having been subjected to unlawful discrimination.

4        5.   This case is related to a previous action against BKC filed in the United States

5   District Court for the Northern District of California in *Castaneda v. Burger King Corporation*,

6   N.D. Cal. No. C 08-4262 WHA (JL).  That action was filed on September 10, 2008 and

7   certified as ten class actions on September 25, 2009.  The court entered a final order approving

8   a settlement proposed by the parties on July 12, 2010.  This action does not concern those ten

9   BKL restaurants.

10        6.   This action concerns any California BKL restaurant not covered by the

11   *Castaneda* class certification order that, during a time period to be determined by the Court,

12   Burger King leased to or from other entities ("Remaining BKLs").  Plaintiffs believe that there

13   are 86 Remaining BKLs.

### JURISDICTION AND VENUE

15        7.   Plaintiffs' claims arise under Title III of the Americans with Disabilities Act, 42

16   U.S.C. § 12181, *et seq.*, ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, *et seq.*

17   ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, *et seq.* (the

18   "CDPA").

19        8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

20   §§ 1331, 1332 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims

21   brought under the laws of the State of California.  In addition, the matter in controversy here

22   exceeds $5,000,000 and there are members of the proposed class who are citizens of states

23   different from Defendant.  Therefore, this Court has diversity jurisdiction over the claims of the

24   class pursuant to 28 U.S.C. § 1332(d)(2).

25        9.   The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201

26   and 2202.  Money damages alone are inadequate, and Plaintiffs and class members suffer and

27   will otherwise continue to suffer irreparable injury.

28        10.   Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

**INTRADISTRICT ASSIGNMENT**

11.     This action arises in part in San Francisco and Alameda Counties and thus is properly assigned to the San Francisco Division.

**PARTIES**

12.     Plaintiff Ron Sarfaty is and has been at all times material hereto a resident of the State of California.  Plaintiff Sarfaty is a person with left side hemiplegia who uses a wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C. § 12102(2)(A), and a physical disability as that term is defined in applicable California law, including California Government Code section 12926.  Plaintiff Sarfaty has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future.  Specifically, Plaintiff Sarfaty has patronized Burger King restaurants including but not limited to those located at 1919 Pico Blvd., Santa Monica, 21227 Sherman Way, Canoga Park, 8030 Van Nuys Blvd., Panorama City, 24530 Lyons Ave., Newhall, and 29136 Roadside Dr., Agoura.

13.     Plaintiff Kenneth Kilgore is and has been at all times material hereto a resident of the State of California.  Plaintiff Kilgore is a person with quadriplegia who uses a wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926.  Plaintiff Kilgore has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future.  Specifically, Plaintiff Kilgore has patronized Burger King restaurants including but not limited to 211 N. McDowell Blvd., Petaluma, and 6125 Commerce Blvd., Rohnert Park.

14.     Plaintiff Tyrey Mills is and has been at all times material hereto a resident of the State of California.  He is a minor and brings this suit through his next friend, his mother Ginene Mills.  Tyrey Mills is a person with Down Syndrome who uses a wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926.  Plaintiff Tyrey Mills has patronized Burger King restaurants

1  in California in the past and intends to continue to patronize those restaurants in the future.

2  Specifically, Plaintiff Tyrey Mills has patronized Burger King restaurants including but not

3  limited to 1901 Webster St., Alameda, and 2200 Otis Dr., Alameda.

4       15.    Plaintiff Jenilyn Jimenez is and has been at all times material hereto a resident

5  of the State of California.  Plaintiff Jimenez is a person with paraplegia who uses a wheelchair

6  or scooter for mobility.  She has a disability within the meaning of the ADA, 42 U.S.C.

7  § 12102, and a physical disability as that term is defined in applicable California law, including

8  California Government Code section 12926.  Plaintiff Jimenez has patronized Burger King

9  restaurants in California in the past and intends to continue to patronize those restaurants in the

10  future.  Specifically, Plaintiff Jimenez has patronized Burger King restaurants including but not

11  limited to 3747 Rosecrans St., San Diego, and 680 E. San Ysidro Blvd., San Ysidro.

12       16.    Plaintiff Elizabeth Baker is and has been at all times material hereto a resident

13  of the State of California.  Plaintiff Baker is a person with spinal problems, degenerative joint

14  disease, and arthritis who uses a wheelchair for mobility.  She has a disability within the

15  meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in

16  applicable California law, including California Government Code section 12926.  Plaintiff

17  Baker has patronized Burger King restaurants in California in the past and intends to continue

18  to patronize those restaurants in the future.  Specifically, Plaintiff Baker has patronized Burger

19  King restaurants including but not limited to 619 W. Charter Way, Stockton.

20       17.    Plaintiff William Farber is and has been at all times material hereto a resident of

21  the State of California.  Plaintiff Farber is a person with Progressive Multiple Sclerosis who

22  uses a wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C.

23  § 12102, and a physical disability as that term is defined in applicable California law, including

24  California Government Code section 12926.  Plaintiff Farber has patronized Burger King

25  restaurants in California in the past and intends to continue to patronize those restaurants in the

26  future.  Specifically, Plaintiff Farber has patronized Burger King restaurants including but not

27  limited to 2734 N. Tustin Ave., Orange.

28

1     18.    Plaintiff Uverda Harry is and has been at all times material hereto a resident of the State of California. Plaintiff Harry is a person with rheumatoid arthritis who uses a wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Harry has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future. Specifically, Plaintiff Harry has patronized Burger King restaurants including but not limited to 2200 Otis Dr., Alameda, and 1571 Fitzgerald Dr., Pinole.

19.    Plaintiff Daniel Hernandez is and has been at all times material hereto a resident of the State of California. Plaintiff Hernandez is a person with spina bifida who uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Hernandez has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future. Specifically, Plaintiff Hernandez has patronized Burger King restaurants including but not limited to 815 Highland Ave., National City, and 6960 Broadway, Lemon Grove.

20.    Plaintiff Kathryn Tyler is and has been at all times material hereto a resident of the State of California. Plaintiff Tyler is a person with muscular dystrophy who uses a wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Tyler has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future. Specifically, Plaintiff Tyler has patronized Burger King restaurants including but not limited to those located at 619 W. Charter Way, Stockton, 329 N. Capitol Ave., San Jose, and 3098 Story Rd., San Jose.

21.    Plaintiff Mohan Vallabhapurapu is and has been at all times material hereto a resident of the State of California. Plaintiff Vallabhapurapu is a person with a spinal cord injury who uses a wheelchair for mobility. He has a disability within the meaning of the ADA,

1    42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California

2    law, including California Government Code section 12926.  Plaintiff Vallabhapurapu has

3    patronized Burger King Restaurants in California in the past and intends to continue to

4    patronize these restaurants in the future.  Specifically, Plaintiff Vallabhapurapu has patronized

5    Burger King restaurants including but not limited to those located at 510 Euclid St., Anaheim,

6    1420 Mission Ave., Oceanside, 1919 Pico Blvd., Santa Monica, 911 W. Jefferson Blvd., Los

7    Angeles, 385 South Kiely, San Jose, 3630 Tyler St., Riverside, 24530 Lyons Ave., Newhall,

8    2600 Long Beach Blvd., Long Beach, 12513 East Carson St., Hawaiian Gardens, 81-779 US

9    Highway 111, Indio, 261 Race St., San Jose, 10931 Los Alamitos Blvd., Los Alamitos, 1666

10    2nd St., Norco, 2500 East Imperial Highway, Brea, and 23125 Hemlock Ave., Moreno Valley.

11        22.    Plaintiff Priscilla Walker is and has been at all times material hereto a resident

12    of the State of California.  Plaintiff Walker is a person who has had a knee replacement surgery

13    and uses a wheelchair for mobility.  She has a disability within the meaning of the ADA, 42

14    U.S.C. § 12102, and a physical disability as that term is defined in applicable California law,

15    including California Government Code section 12926.  Plaintiff Walker has patronized Burger

16    King restaurants in the past and intends to continue to patronize those restaurants in the future.

17    Specifically, Plaintiff Walker has patronized Burger King restaurants including but not limited

18    to that located at 450 Leavesley Rd., Gilroy.

19        23.    Plaintiff Richard Felix is and has been at all times material hereto a resident of

20    the State of California.  Plaintiff Felix is a person who has post-polio syndrome and uses a

21    wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C.

22    § 12102, and a physical disability as that term is defined in applicable California law, including

23    California Government Code section 12926.  Plaintiff Felix has patronized Burger King

24    restaurants in the past and intends to continue to patronize those restaurants in the future.

25    Specifically, Plaintiff Felix has patronized Burger King restaurants including but not limited to

26    those located at 2410 N. Cedar Ave., Fresno, and 4610 E. Kings Canyon Rd., Fresno.

27        24.    Plaintiff Kathleen Gonzalez is and has been at all times material hereto a

28    resident of the State of California.  Plaintiff Gonzalez is a person with several medical

1  conditions which require her to use a wheelchair and, more recently, a scooter for mobility.

2  She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical

3  disability as that term is defined in applicable California law, including California Government

4  Code section 12926.  Plaintiff Gonzalez has patronized Burger King restaurants in the past and

5  intends to continue to patronize those restaurants in the future.  Specifically, Plaintiff Gonzalez

6  has patronized Burger King restaurants including but not limited to 139 N. China Lake Blvd.,

7  Ridgecrest, and 41383 Big Bear Lake Blvd., Big Bear Lake.

8       25.    Plaintiff Judy Cutler is and has been at all times material hereto a resident of the

9  State of California.  Plaintiff Cutler is a person with a spinal cord injury who uses a wheelchair

10  for mobility.  She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a

11  physical disability as that term is defined in applicable California law, including California

12  Government Code section 12926.  Plaintiff Cutler has patronized Burger King restaurants in

13  the past and intends to continue to patronize those restaurants in the future.  Specifically,

14  Plaintiff Cutler has patronized Burger King restaurants including but not limited to those

15  located at 1200 E Colorado St., Glendale, 9710 Central Ave., Montclair, 41383 Big Bear Lake

16  Blvd., Big Bear Lake, and 1666 2nd St., Norco.

17       26.    Plaintiff Diane Dailey is and has been at all times material hereto a resident of

18  the State of California.  Plaintiff Dailey is a person who, as a result of a motorcycle accident,

19  uses a wheelchair for mobility.  She has a disability within the meaning of the ADA, 42 U.S.C.

20  § 12102, and a physical disability as that term is defined in applicable California law, including

21  California Government Code section 12926.  Plaintiff Dailey has patronized Burger King

22  restaurants in the past and intends to continue to patronize those restaurants in the future.

23  Specifically, Plaintiff Dailey has patronized Burger King restaurants including but not limited

24  to those located at 619 W. Charter Way, Stockton, and 5315 Hopyard Rd., Pleasanton.

25       27.    Plaintiff Carol Lacher is and has been at all times material hereto a resident of

26  the State of California.  Plaintiff Lacher is a person with back problems and arthritis in both

27  knees who uses a wheelchair for mobility.  She has a disability within the meaning of the ADA,

28  42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California

1 | law, including California Government Code section 12926.  Plaintiff Lacher has patronized

2 | Burger King restaurants in the past and intends to continue to patronize those restaurants in the

3 | future.  Specifically, Plaintiff Lacher has patronized Burger King restaurants including but not

4 | limited to those located at 41383 Big Bear Lake Blvd., Big Bear Lake,  and 4918 W. Sunset

5 | Blvd., Los Angeles.

6 |    28.  Plaintiff Bethany McClam is and has been at all times material hereto a resident

7 | of the State of California.  Plaintiff McClam is a person who has medical problems with her

8 | hip, back, and knees and uses a wheelchair for mobility.  She has a disability within the

9 | meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in

10 | applicable California law, including California Government Code section 12926.  Plaintiff

11 | McClam has patronized Burger King restaurants in the past and intends to continue to

12 | patronize those restaurants in the future.  Specifically, Plaintiff McClam has patronized Burger

13 | King restaurants including but not limited to those located at 1202 W. Avenue I, Lancaster,

14 | 43627 N. 15th St. W, Lancaster, and 39519 10th Street West, Palmdale.

15 |    29.  Plaintiff Erik Nieland is and has been at all times material hereto a resident of

16 | the State of California.  Plaintiff Nieland is a person who has muscular dystrophy and uses a

17 | wheelchair for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C.

18 | § 12102, and a physical disability as that term is defined in applicable California law, including

19 | California Government Code section 12926.  Plaintiff Nieland has patronized Burger King

20 | restaurants in the past and intends to continue to patronize those restaurants in the future.

21 | Specifically, Plaintiff Nieland has patronized Burger King restaurants including but not limited

22 | to those located at 1801 Decoto Rd., Union City, and 16 Southland Mall, Hayward.

23 |    30.  Plaintiff Carol Picchi is and has been at all times material hereto a resident of

24 | the State of California.  Plaintiff Picchi is a person who has cerebral palsy and uses a

25 | wheelchair for mobility.  She has a disability within the meaning of the ADA, 42 U.S.C.

26 | § 12102, and a physical disability as that term is defined in applicable California law, including

27 | California Government Code section 12926.  Plaintiff Picchi has patronized Burger King

28 | restaurants in the past and intends to continue to patronize those restaurants in the future.

1    Specifically, Plaintiff Picchi has patronized Burger King restaurants including but not limited

2    to those located at 175 W Calaveras Blvd., Milpitas, 385 S. Kiely, San Jose, 329 N. Capitol

3    Ave., San Jose, 261 Race St., San Jose, 4040 Monterey Rd., San Jose, and 2170 Monterey Rd.,

4    San Jose.

5          31.    Plaintiff William Showen is and has been at all times material hereto a resident

6    of the State of California.  Plaintiff Showen has diabetes who uses a wheelchair for mobility.

7    He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical

8    disability as that term is defined in applicable California law, including California Government

9    Code section 12926.  Plaintiff Showen has patronized Burger King restaurants in the past and

10   intends to continue to patronize those restaurants in the future.  Specifically, Plaintiff Showen

11   has patronized Burger King restaurants including but not limited to those located at 111 S.

12   Harding Blvd., Roseville, and 450 Leavesley Road, Gilroy.

13         32.    Plaintiff Anne Casey is and has been at all times material hereto a resident of the

14   State of California.  Plaintiff Casey has various medical issues requiring her to use a wheelchair

15   and scooter.  She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a

16   physical disability as that term is defined in applicable California law, including California

17   Government Code section 12926.  Plaintiff Casey has patronized Burger King restaurants in the

18   past and intends to continue to patronize those restaurants in the future.  Specifically, Plaintiff

19   Casey has patronized Burger King restaurants including but not limited to those located at 3150

20   Harbor Blvd., Costa Mesa, 13421 Newport Ave., Tustin,  and 601 E. Dyer Rd., Santa Ana.

21         33.    Plaintiff George Partida is and has been at all times material hereto a resident of

22   the State of California.  Plaintiff Partida is a person with quadriplegia who uses a wheelchair

23   for mobility.  He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a

24   physical disability as that term is defined in applicable California law, including California

25   Government Code section 12926.  Plaintiff Partida has patronized Burger King restaurants in

26   the past and intends to continue to patronize those restaurants in the future.  Specifically,

27   Plaintiff Partida has patronized Burger King restaurants including but not limited to those

28   located at 2101 W. Whittier Blvd., La Habra, 8845 S. Painter St., Whittier, 1919 Artesia Blvd.,

1   Redondo Beach, 1919 Pico Blvd., Santa Monica, 1453 W Manchester Ave., Los Angeles, 215

2   N. Gaffey St., San Pedro, 2600 Long Beach Blvd., Long Beach, 5540 Cherry Ave., Long

3   Beach, 12513 E. Carson St., Hawaiian Gardens, and 1666 2nd St., Norco.

4          34.    Plaintiff Kitty Dean is and has been at all times material hereto a resident of the

5   State of California.  Plaintiff Dean is a paraplegic and uses a wheelchair.  She has a disability

6   within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is

7   defined in applicable California law, including California Government Code section 12926.

8   Plaintiff Dean has patronized Burger King restaurants in the past and intends to continue to

9   patronize those restaurants in the future.  Specifically, Plaintiff Dean has patronized Burger

10  King restaurants including but not limited to those located at 822 N. Johnson St., El Cajon, 728

11  W. San Marcos Blvd., San Marcos, 377 Vista Village Dr., Vista, 12427 Poway Rd., Poway,

12  and 227 S. Tremont St., Oceanside.

13         35.    Plaintiff Alfred Brown is and has been at all times material hereto a resident of

14  the State of California.  Plaintiff Brown has various medical issues requiring him to use a

15  wheelchair.  He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a

16  physical disability as that term is defined in applicable California law, including California

17  Government Code section 12926.  Plaintiff Brown has patronized Burger King restaurants in

18  the past and intends to continue to patronize those restaurants in the future.  Specifically,

19  Plaintiff Brown has patronized Burger King restaurants including but not limited to that located

20  at 1541 E. 12th St., Oakland.

21         36.    Plaintiff Marsha Shining Woman is and has been at all times material hereto a

22  resident of the State of California.  Plaintiff Shining Woman has various medical issues and has

23  used a manual wheelchair.  She has a disability within the meaning of the ADA, 42 U.S.C.

24  § 12102, and a physical disability as that term is defined in applicable California law, including

25  California Government Code section 12926.  Plaintiff Shining Woman has patronized Burger

26  King restaurants in the past and intends to continue to patronize those restaurants in the future.

27  Specifically, Plaintiff Shining Woman has patronized Burger King restaurants including but not

28  limited to that located at 2055 Eureka Way, Redding.

37. Plaintiff Goldene Springer is and has been at all times material hereto a resident of the State of California. Plaintiff Springer has various medical issues and uses a scooter. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Springer has patronized Burger King restaurants in the past and intends to continue to patronize those restaurants in the future. Specifically, Plaintiff Springer has patronized Burger King restaurants including but not limited to that located at 455 N. Humboldt St., Willows.

38. Plaintiff Daniel Xenos is and has been at all times material hereto a resident of the State of California. Plaintiff Xenos is a person with congestive heart failure and chronic body pain who uses a scooter for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Xenos has patronized Burger King restaurants in the past and intends to continue to patronize those restaurants in the future. Specifically, Plaintiff Xenos has patronized Burger King restaurants including but not limited to that located at 13446 Lincoln Way, Auburn.

39. Each of the Plaintiffs is (or was during the class period) substantially limited in (at least) the major life activity of walking.

40. Defendant Burger King Corporation is a corporation incorporated under the laws of Florida, with its principal place of business at 5505 Blue Lagoon Dr., Miami, Florida 33126. BKC franchises, leases (or leases to), and operates fast food hamburger restaurants, principally under the Burger King brand, in California.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs seek to maintain this action as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or Rule 23(b)(3). The class consists of all individuals who use wheelchairs or electric scooters for mobility who, during a time period to be determined by the Court, on the basis of disability, were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations in any Remaining BKL because

of noncompliance with Disability Access Requirements pertaining to width of accessible parking spaces and access aisles, excessive door force, lack of or obstructed accessible routes, and/or customer self-service dispensers.

42.   The class identified in paragraph 41 is believed to consist of more than a thousand members who are dispersed across the State of California.  Joinder of all such class members in this lawsuit is impracticable.

43.   There are numerous questions of law and fact common to the class, including without limitation, the following:

         a.   Whether Remaining BKLs are "public accommodations" under the ADA;

         b.   Whether Remaining BKLs are "business establishments" under the Unruh Act;

         c.   Whether Remaining BKLs are "places of public accommodation" or "places to which the general public is invited" under the CDPA;

         d.   Whether Defendant BKC in its Remaining BKLs denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs in violation of the ADA;

         e.   Whether Defendant BKC in its Remaining BKLs denies full and equal accommodations, advantages, facilities, privileges, or services to people who use wheelchairs, in violation of the Unruh Act;

         f.   Whether Defendant BKC in its Remaining BKLs denies full and equal access to accommodations, advantages and facilities to people who use wheelchairs, in violation of the CDPA;

         g.   Whether alleged violations of the ADA create independent violations of the Unruh Act and the CDPA;

         h.   What measures are legally required to bring Remaining BKLs into compliance with the ADA, the Unruh Act and the CDPA;

   i. Whether BKC's policies and practices cause the barriers at issue in the Remaining BKLs in whole or in part; and

   j. Whether the barriers at issue in this case -- excessive door force, obstructed accessible routes, and noncompliant customer self-service dispensers -- violate state or federal law.

44. Plaintiffs' claims are typical of the claims of the members of the class. They -- like all other members of the plaintiff class -- use a wheelchair or scooter for mobility and claim that Defendant BKC has violated the ADA, the Unruh Act, and/or the CDPA by failing to make the Remaining BKLs accessible to the class of people who use wheelchairs or scooters.

45. Plaintiffs will fairly and adequately protect the interests of the class because they have retained counsel with extensive experience in litigation, including class action litigation, and because Plaintiffs have no interests that conflict in any way with those of the class.

46. This action may be maintained as a class action pursuant to Rule 23(b)(2) because Defendant BKC's violations of the ADA, the Unruh Act, and the CDPA are applicable to all members of the class. Therefore, an injunction requiring compliance with the ADA, the Unruh Act, and the CDPA is appropriate and the primary relief sought is injunctive relief.

47. This action may be maintained as a class action pursuant to Rule 23(b)(3) because the many questions of law and fact that are common to class members clearly predominate over individual questions affecting members of the class. The common issues of law and fact relate to issues central to the case, such as whether Remaining BKLs are public accommodations and business establishments, whether ensuring compliance with door force, unobstructed accessible route, and self-service dispenser standards, as well as modifying BKC's policies and practices and other measures, are required to comply with the ADA, Unruh Act, and/or the CDPA.

48. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with disabilities in the State of California.

49.     Maintaining this lawsuit as a class action will also avoid the risk of inconsistent outcomes if class members were forced to bring individual actions in various forums.

50.     There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

<strong>SUBCLASS ACTION ALLEGATIONS</strong>

51.     Plaintiffs also seek certification of 67 subclasses under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Each subclass consists of all individuals who use wheelchairs or electric scooters for mobility who, during the applicable limitations period, on the basis of disability, were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at each subclass restaurant because of noncompliance with Disability Access Requirements.

52.     Specifically, Plaintiffs seek to certify a subclass as to each of the following Remaining BKLs, represented by the stated Plaintiff or Plaintiffs:

a.     Remaining BKL 609 located at 2101 W. Whittier Blvd., La Habra represented by Plaintiff Partida.

b.     Remaining BKL 726 located at 510 S. Euclid St., Anaheim represented by Plaintiff Vallabhapurapu.

c.     Remaining BKL 733 located at 8845 S. Painter St., Whittier represented by Plaintiff Partida.

d.     Remaining BKL 780 located at 815 Highland Ave., National City represented by Plaintiff Hernandez.

e.     Remaining BKL 814 located at 822 N. Johnson St., El Cajon represented by Plaintiff Dean.

f.     Remaining BKL 817 located at 1420 Mission Ave., Oceanside represented by Plaintiff Vallabhapurapu.

g.     Remaining BKL 835 located at 3747 Rosecrans St., San Diego represented by Plaintiff Jimenez.

1  h.  Remaining BKL 910 located at 6960 Broadway, Lemon Grove
2     represented by Plaintiff Hernandez.

3  i.  Remaining BKL 912 located at 1919 Artesia Blvd., Redondo Beach
4     represented by Plaintiff Partida.

5  j.  Remaining BKL 916 located at 12427 Poway Rd., Poway represented by
6     Plaintiff Dean.

7  k.  Remaining BKL 918 located at 1919 Pico Blvd., Santa Monica
8     represented by Plaintiffs Sarfaty, Vallabhapurapu and Partida.

9  l.  Remaining BKL 943 located at 911 W. Jefferson Blvd., Los Angeles
10     represented by Plaintiff Vallabhapurapu.

11  m.  Remaining BKL 975 located at 175 W Calaveras Blvd., Milpitas
12     represented by Plaintiff Picchi.

13  n.  Remaining BKL 1036 located at 21227 Sherman Way, Canoga Park
14     represented by Plaintiff Sarfaty.

15  o.  Remaining BKL 1038 located at 8030 Van Nuys Blvd., Panorama City
16     represented by Plaintiff Sarfaty.

17  p.  Remaining BKL 1346 located at 1453 W. Manchester Ave., Los Angeles
18     represented by Plaintiff Partida.

19  q.  Remaining BKL 1549 located at 2410 N. Cedar Ave., Fresno, CA
20     represented by Plaintiff Felix.

21  r.  Remaining BKL 1572 located at 385 S. Kiely, San Jose represented by
22     Plaintiffs Vallabhapurapu and Picchi.

23  s.  Remaining BKL 1646 located at 3630 Tyler St., Riverside represented
24     by Plaintiff Vallabhapurapu.

25  t.  Remaining BKL 1897 located at 215 N. Gaffey St., San Pedro
26     represented by Plaintiff Partida.

27  u.  Remaining BKL 1937 located at 24530 Lyons Ave., Newhall
28     represented by Plaintiffs Sarfaty and Vallabhapurapu.

v.   Remaining BKL 2119 located at 2600 Long Beach Blvd., Long Beach represented by Plaintiffs Vallabhapurapu and Partida.

w.   Remaining BKL 2132 located at 1200 E Colorado St., Glendale represented by Plaintiff Cutler.

x.   Remaining BKL 2149 located at 3150 Harbor Blvd., Costa Mesa represented by Plaintiff Casey.

y.   Remaining BKL 2215 located at 13421 Newport Ave., Tustin represented by Plaintiff Casey.

z.   Remaining BKL 2268 located at 619 W. Charter Way, Stockton represented by Plaintiffs Baker, Tyler and Dailey.

aa.   Remaining BKL 2279 located at 329 N. Capitol Ave., San Jose represented by Plaintiffs Tyler and Picchi.

bb.   Remaining BKL 2359 located at 29136 Roadside Dr., Agoura represented by Plaintiff Sarfaty.

cc.   Remaining BKL 2399 located at 5540 Cherry Ave., Long Beach represented by Plaintiff Partida.

dd.   Remaining BKL 2473 located at 1202 W. Ave. I, Lancaster represented by Plaintiff McClam.

ee.   Remaining BKL 2474 located at 111 S. Harding Blvd. in Roseville represented by Plaintiff Showen.

ff.   Remaining BKL 2495 located at 2200 Otis Dr., Alameda represented by Plaintiffs Harry and Mills.

gg.   Remaining BKL 2521 located at 139 N. China Lake Blvd., Ridgecrest represented by Plaintiff Gonzalez.

hh.   Remaining BKL 2555 located at 450 Leavesley Rd, Gilroy represented by Plaintiffs Showen and Walker.

ii.   Remaining BKL 2795 located at 5315 Hopyard Rd., Pleasanton represented by Plaintiff Dailey.

jj.   Remaining BKL 2893 located at 9710 Central Ave., Montclair represented by Plaintiff Cutler.

kk.   Remaining BKL 2901 located at 43627 N. 15th St. W, Lancaster represented by Plaintiff McClam.

ll.   Remaining BKL 2976 located at 13446 Lincoln Way, Auburn represented by Plaintiff Xenos.

mm.   Remaining BKL 3034 located at 1801 Decoto Rd., Union City represented by Plaintiff Nieland.

nn.   Remaining BKL 3147 located at 12513 E. Carson St., Hawaiian Gardens represented by Plaintiffs Vallabhapurapu and Partida.

oo.   Remaining BKL 3157 located at 211 N. McDowell Blvd., Petaluma represented by Plaintiff Kilgore.

pp.   Remaining BKL 3160 located at 4610 E. Kings Canyon Rd., Fresno represented by Plaintiff Felix.

qq.   Remaining BKL 3208 located at 2055 Eureka Way, Redding represented by Plaintiff Shining Woman.

rr.   Remaining BKL 3217 located at 1571 Fitzgerald Dr., Pinole represented by Plaintiff Harry.

ss.   Remaining BKL 3233 located at 81-779 Us Highway 111, Indio represented by Plaintiff Vallabhapurapu.

tt.   Remaining BKL 3316 located at 41383 Big Bear Lake Blvd., Big Bear Lake represented by Plaintiffs Gonzalez, Cutler and Lacher.

uu.   Remaining BKL 3355 located at 680 E. San Ysidro Blvd., San Ysidro represented by Plaintiff Jimenez.

vv.   Remaining BKL 3441 located at 455 N. Humboldt St. Willows represented by Plaintiff Springer.

ww.   Remaining BKL 3546 located at 261 Race St., San Jose represented by Plaintiffs Vallabhapurapu and Picchi.

xx.   Remaining BKL 3580 located at 6125 Commerce Blvd., Rohnert Park represented by Plaintiff Kilgore.

yy.   Remaining BKL 3777 located at 2734 N. Tustin Ave., Orange represented by Plaintiff Farber.

zz.   Remaining BKL 3827 located at 3098 Story Rd., San Jose represented by Plaintiff Tyler.

aaa.   Remaining BKL 4088 located at 227 S. Tremont St., Oceanside represented by Plaintiff Dean.

bbb.   Remaining BKL 4514 located at 1901 Webster St., Alameda represented by Plaintiff Mills.

ccc.   Remaining BKL 4552 located at 601 E. Dyer Rd., Santa Ana represented by Plaintiff Casey.

ddd.   Remaining BKL 4641 located at 728 W. San Marcos Blvd., San Marcos represented by Plaintiff Dean.

eee.   Remaining BKL 5150 located at 10931 Los Alamitos Blvd., Los Alamitos represented by Plaintiff Vallabhapurapu.

fff.   Remaining BKL 5869 located at 16 Southland Mall, Hayward represented by Plaintiff Nieland.

ggg.   Remaining BKL 6028 located at 4040 Monterey Rd., San Jose represented by Plaintiff Picchi.

hhh.   Remaining BKL 6755 located at 2170 Monterey Rd., San Jose represented by Plaintiff Picchi.

iii.   Remaining BKL 6816 located at 1666 2nd St., Norco represented by Plaintiffs Vallabhapurapu, Cutler and Partida.

jjj.   Remaining BKL 6931 located at 2500 E. Imperial Hwy, Brea represented by Plaintiff Vallabhapurapu.

kkk.   Remaining BKL 10567 located at 23125 Hemlock Ave., Moreno Valley represented by Plaintiff Vallabhapurapu.

lll.   Remaining BKL 11490 located at 4918 W. Sunset Blvd., Los Angeles represented by Plaintiff Lacher.

mmm.   Remaining BKL 13284 located at 1541 E. 12th St., Oakland represented by Plaintiff Brown.

nnn.   Remaining BKL 13580 located at 377 Vista Village Dr., Vista represented by Plaintiff Dean.

ooo.   Remaining BKL 16563 located at 39519 10th Street West, Palmdale represented by Plaintiff McClam.

53.   Each subclass pertains to the Remaining BKL at which the Subclass Representative and members of that subclass were denied during the liability period, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

54.   The subclasses identified in paragraph 52 are each believed to consist of between forty and several hundred members who are dispersed across the State of California. Joinder of all of such class members in this lawsuit is impracticable.

55.   There are numerous questions of law and fact common to each of the subclasses, including without limitation, the following:

a.   Whether Remaining BKLs are "public accommodations" under the ADA;

b.   Whether Remaining BKLs are "business establishments" under the Unruh Act;

c.   Whether Remaining BKLs are "places of public accommodation" or "places to which the general public is invited" under the CDPA;

d.   Whether Defendant in the Remaining BKLs denies the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs in violation of the ADA;

e.     Whether Defendant in the Remaining BKLs denies full and equal
accommodations, advantages, facilities, privileges, or services to people
who use wheelchairs, in violation of the Unruh Act;

f.     Whether Defendant in the Remaining BKLs denies full and equal access
to accommodations, advantages and facilities to people who use
wheelchairs, in violation of the CDPA;

g.     Whether alleged violations of the ADA create independent violations of
the Unruh Act and the CDPA;

h.     What measures are legally required to bring Remaining BKLs into
compliance with the ADA, the Unruh Act and the CDPA;

i.     Whether BKC's policies and practices cause the barriers at issue in each
Remaining BKL in whole or in part; and

j.     Whether the barriers at issue in each Remaining BKL violate state or
federal law.

56.     "All mobility-impaired patrons of a particular restaurant who use wheelchairs
face identical facilities and identical access barriers.  Their common interest in assuring that all
the features at the particular restaurant are in compliance will predominate over any individual
differences among them." *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 572 (N.D. Cal.
2009).

57.     The claims of each Subclass Representative are typical of the claims of the
members of the subclass(es) he or she represents.  They -- like all other members of the
subclasses -- use wheelchairs or scooters for mobility and claim that BKC violated the ADA,
the Unruh Act, and/or the CDPA by failing to make the Remaining BKLs accessible to the
class of people who use wheelchairs or scooters.

58.     Each Subclass Representative will fairly and adequately protect the interests of
the subclass(es) he or she represents because he or she has retained counsel with extensive
experience in litigation, including class action litigation, and because no Subclass

1    Representative has interests that conflict in any way with those of the subclass he or she

2    represents.

3        59.    Each subclass meets the requirements of Rule 23(b)(2) because BKC's

4    violations of the ADA, the Unruh Act, and the CDPA are applicable to all members of each

5    subclass.  Therefore, an injunction requiring compliance with the ADA, the Unruh Act, and the

6    CDPA is appropriate and the primary relief sought is injunctive relief.

7        60.    Each subclass meets the requirements of Rule 23(b)(3) because the many

8    questions of law and fact that are common to subclass members clearly predominate over

9    individual questions affecting members of the subclass.  The common issues of law and fact

10   relate to issues central to the case, such as whether Remaining BKLs are public

11   accommodations and business establishments, whether modifying Defendant's policies and

12   practices, removing barriers, and other measures, are required to comply with the ADA, Unruh

13   Act, and/or the CDPA.

14       61.    Judicial economy will be served by maintenance of these subclasses in that it is

15   likely to avoid the burden that would be otherwise placed upon the judicial system by the filing

16   of numerous similar suits by people with disabilities in the State of California.

17       62.    Maintaining these subclasses will also avoid the risk of inconsistent outcomes if

18   subclass members were forced to bring individual actions in various forums.

19       63.    There are no obstacles to effective and efficient management of these subclasses

20   by this Court.

21                          **STATEMENT OF FACTS**

22       64.    BKC exercises control over the development, design, remodel, alteration,

23   maintenance, and operation of the Remaining BKLs pertaining to the architectural or design

24   features at issue.

25       65.    On information and belief, many or all of the Remaining BKLs were originally

26   constructed and furnished by BKC.

27       66.    BKC's construction managers oversee the construction process for new

28   construction, review plans and decor packages for remodeling, alterations and new

1  construction, and perform a final "punch list" walk through after alterations, remodeling, and

2  new construction are completed.

3      67.    Additionally, BKC has a document known as a scope of work or workbench or

4  facility inspection report that operates as a checklist for alterations, remodeling and repairs.

5  The document includes the architectural or design features at issue.

6      68.    Some or all of the Remaining BKLs were contractually required to be, and were,

7  remodeled in conformance with BKC's construction and design plans and specifications.  A

8  part of that remodeling is an inspection of the premises by BKC employees in order to ensure

9  that remodeled restaurant comes as close to a new Burger King restaurant as possible.

10     69.    Some or all of the Remaining BKLs engaged in "re-imaging" programs,

11  performed in accordance with BKC's designs and specifications.

12     70.    All Remaining BKLs are required to comply with BKC's Manual of Operating

13  Data ("MOD"), which contains official mandatory restaurant operating standards,

14  specifications and procedures.

15     71.    The MOD contains highly detailed requirements for the operation, design,

16  signage, interior decor, equipment systems, and various other items in Burger King restaurants.

17     72.    Remaining BKLs are required to be repaired and maintained in accordance with

18  standards established and controlled by BKC.

19     73.    The employee training programs for managers and employees of

20  tenant/franchisees in Remaining BKLs must conform to training standards and procedures

21  prescribed by BKC.

22     74.    BKC conducts scheduled and unscheduled inspections and monitoring of some

23  or all of the Remaining BKLs to ensure that they are being maintained and operated in

24  compliance with the various BKC operational and other requirements.

25     75.    BKC requires precise compliance by tenant/franchisees with its design,

26  construction, remodel, alteration, operations, repair, imaging and other requirements but not

27  Disability Access Requirements.

28

76.   BKC employees conduct monitoring, inspections, and/or walkthroughs of BKLs. These inspections and/or walkthroughs do not involve reviews for compliance with Disability Access Requirements.

77.   Since January 26, 1992, the date when the ADA regulations governing alterations went into effect, some or all of the Remaining BKLs have undergone alterations, as that term is used in the ADA, that affected, or could have affected, the usability of part or all of those restaurants.

78.   Since July 1, 1970, the date when California state access regulations went into effect, some or all of the Remaining BKLs have undergone alterations, structural repairs and/or additions, as those terms are used in California law, including without limitation Cal. Health & Safety Code § 19959.

79.   Since October 2006, Plaintiff Ron Sarfaty has patronized several Burger King restaurants in California, including Remaining BKLs located at 1919 Pico Blvd., Santa Monica, 21227 Sherman Way, Canoga Park, 8030 Van Nuys Blvd., Panorama City, 24530 Lyons Ave., Newhall, and 29136 Roadside Dr., Agoura.

80.   At Burger King restaurants, Mr. Sarfaty has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, parking lots with insufficient or inadequate accessible parking spaces, narrow or steep sidewalks/ramps, inaccessible seating/dining areas, and drink machines and self-service dispensers that were difficult for him to reach.

81.   These barriers to access have denied Mr. Sarfaty full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Sarfaty's dignity.

82.   Since October 2006, Plaintiff Kenneth Kilgore has patronized several Burger King restaurants in California, including Remaining BKLs located at 211 N. McDowell Blvd., Petaluma and 6125 Commerce Blvd., Rohnert Park.

83.   At Burger King restaurants, Mr. Kilgore has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, parking

1   lots with insufficient or inadequate accessible parking spaces, inaccessible restrooms, narrow

2   or steep sidewalks/ramps, inaccessible seating/dining areas, and drink machines and self-

3   service dispensers that were difficult for him to reach.

4       84.    These barriers to access have denied Mr. Kilgore full and equal access to, and

5   enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr.

6   Kilgore's dignity.

7       85.    Since October 2006, Plaintiff Tyrey Mills has patronized several Burger King

8   restaurants in California, including Remaining BKLs located at 1901 Webster St., Alameda and

9   2200 Otis Dr., Alameda.

10       86.    At Burger King restaurants, Tyrey Mills has encountered numerous barriers to

11   access, including for parking lots with insufficient or inadequate accessible parking spaces,

12   entry and restroom doors that were very difficult to open and inaccessible seating/dining areas.

13       87.    These barriers to access have denied Tyrey Mills full and equal access to, and

14   enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Tyrey

15   Mills's dignity.

16       88.    Since October 2006, Plaintiff Jenilyn Jimenez has patronized several Burger

17   King restaurants in California, including Remaining BKLs located at 3747 Rosecrans St., San

18   Diego and 680 E. San Ysidro Blvd., San Ysidro.

19       89.    At Burger King restaurants, Ms. Jimenez has encountered numerous barriers to

20   access, including for example entry and restroom doors that were very difficult to open, parking

21   lots with insufficient or inadequate accessible parking spaces, inaccessible restrooms, narrow

22   or steep sidewalks/ramps, inaccessible seating/dining areas, and drink machines and self-

23   service dispensers that were difficult for her to reach.

24       90.    These barriers to access have denied Ms. Jimenez full and equal access to, and

25   enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms.

26   Jimenez's dignity.

27

28

91.     Since October 2006, Plaintiff Baker has patronized several Burger King restaurants in California, including a Remaining BKL located at 619 W. Charter Way in Stockton.

92.     At Burger King restaurants, Ms. Baker has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, and drink machines and self-service dispensers that were difficult for her to reach.

93.     These barriers to access have denied Ms. Baker full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Baker's dignity.

94.     Since October 2006, Plaintiff Farber patronized several Burger King restaurants in California, including a Remaining BKL located at 2734 N. Tustin Ave. in Orange.

95.     At Burger King restaurants, Mr. Farber has encountered numerous barriers to access, including for example entry doors that were very difficult to open, and parking lots with insufficient or inadequate accessible parking spaces.

96.     These barriers to access have denied Mr. Farber full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Farber's dignity.

97.     Since October 2006, Plaintiff Harry has patronized several Burger King restaurants in California, including Remaining BKLs located at 2200 Otis Dr., Alameda, and 1571 Fitzgerald Dr., Pinole.

98.     At Burger King restaurants, Ms. Harry has encountered numerous barriers to access, including for example entry doors that were very difficult to open, narrow or steep sidewalks/ramps, seating areas that were difficult for her to use, and drink machines and self-service dispensers that were difficult for her to reach.

99.     These barriers to access have denied Ms. Harry full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Harry's dignity.

100.    Since October 2006, Plaintiff Hernandez has patronized several Burger King restaurants in California, including Remaining BKLs located at 815 Highland Ave., National City and 6960 Broadway, Lemon Grove.

101.    At Burger King restaurants, Mr. Hernandez has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, uneven routes to the restaurant, and seating and interior areas that were difficult for him to use.

102.    These barriers to access have denied Mr. Hernandez full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Hernandez's dignity.

103.    Since October 2006, Plaintiff Kathryn Tyler has patronized several Burger King restaurants in California, including Remaining BKLs located at 619 W. Charter Way, Stockton, 329 N. Capitol Ave., San Jose, and 3098 Story Rd., San Jose.

104.    At Burger King restaurants, Ms. Tyler has encountered numerous barriers to access, including, for example, entry and restroom doors that were very difficult to open, parking lots with insufficient or inadequate accessible parking spaces, narrow or steep sidewalks/ramps, inaccessible seating/dining areas, and self-service dispensers that were difficult for her to reach.

105.    These barriers to access have denied Ms. Tyler full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Tyler's dignity.

106.    Since October 2006, Plaintiff Mohan Vallabhapurapu has patronized several Burger King restaurants in California, including Remaining BKLs located at 510 Euclid St., Anaheim, 1420 Mission Ave., Oceanside, 1919 Pico Blvd., Santa Monica, 911 W. Jefferson Blvd., Los Angeles, 385 South Kiely, San Jose, 3630 Tyler St., Riverside, 24530 Lyons Ave., Newhall, 2600 Long Beach Blvd., Long Beach, 12513 East Carson St., Hawaiian Gardens, 81-779 US Highway 111, Indio, 261 Race St., San Jose, 10931 Los Alamitos Blvd., Los Alamitos, 1666 2nd St., Norco, 2500 East Imperial Highway, Brea, and 23125 Hemlock Ave., Moreno Valley.

107.   At Burger King restaurants, Mr. Vallabhapurapu has encountered numerous barriers to access, including, for example, entry and restroom doors that were very difficult to open, parking lots with insufficient or inadequate accessible parking spaces, narrow or steep sidewalks/ramps, inaccessible seating/dining areas and restrooms, and drink machines and self-service dispensers that were difficult for him to reach.

108.   These barriers to access have denied Mr. Vallabhapurapu full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Vallabhapurapu's dignity.

109.   Since October 2006, Plaintiff Priscilla Walker has patronized several Burger King restaurants in California, including the Remaining BKL located at 450 Leavesley Rd., Gilroy.

110.   At Burger King restaurants, Ms. Walker encountered numerous barriers to access, including, for example, entry doors that were very difficult to open and counters that were too high.

111.   These barriers to access have denied Ms. Walker full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Walker's dignity.

112.   Since October 2006, Plaintiff Richard Felix has patronized several Burger King restaurants in California, including the Remaining BKLs located at 2410 N. Cedar Ave., Fresno and 4610 E. Kings Canyon Rd., Fresno.

113.   At Burger King restaurants, Mr. Felix has encountered numerous barriers to access, including, for example, self-service dispensers that were difficult for him to reach, restroom doors that were very difficult to open, and inaccessible restroom stalls.

114.   These barriers to access have denied Mr. Felix full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Felix's dignity.

115.     Since October 2006, Plaintiff Kathleen Gonzalez has patronized several Burger King restaurants in California, including the Remaining BKLs located at 139 N. China Lake Blvd., Ridgecrest and 41383 Big Bear Lake Blvd., Big Bear Lake.

116.     At Burger King restaurants, Ms. Gonzalez has encountered numerous barriers to access, including, for example, entry doors that were very difficult to open, parking lots with insufficient or inadequate accessible parking spaces, narrow or steep sidewalks/ramps, inaccessible seating/dining areas and restrooms, and self-service dispensers that were difficult for her to reach.

117.     These barriers to access have denied Ms. Gonzalez full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Gonzalez's dignity.

118.     Since October 2006, Plaintiff Judy Cutler has patronized several Burger King restaurants in California, including the Remaining BKLs located at 1200 E Colorado St., Glendale, 9710 Central Ave., Montclair, 41383 Big Bear Lake Blvd., Big Bear Lake, and 1666 2nd St., Norco.

119.     At Burger King restaurants, Ms. Cutler has encountered numerous barriers to access, including, for example, entry doors that were very difficult to open, inaccessible seating/dining areas, and self-service dispensers that were difficult for her to reach.

120.     These barriers to access have denied Ms. Cutler full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Cutler's dignity.

121.     Since October 2006, Plaintiff Diane Dailey has patronized several Burger King restaurants in California, including the Remaining BKLs located at 619 W. Charter Way, Stockton and 5315 Hopyard Rd., Pleasanton.

122.     At Burger King restaurants, Ms. Dailey has encountered numerous barriers to access, including, for example, entry doors that were very difficult to open, inaccessible seating/dining areas and restrooms, and self-service dispensers that were difficult for her to reach.

123.   These barriers to access have denied Ms. Dailey full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Dailey's dignity.

124.   Since October 2006, Plaintiff Carol Lacher has patronized several Burger King restaurants in California, including the Remaining BKLs located at 41383 Big Bear Lake Blvd., Big Bear Lake and 4918 W. Sunset Blvd., Los Angeles.

125.   At Burger King restaurants, Ms. Lacher has encountered numerous barriers to access, including, for example, entry and restroom doors that were very difficult to open, narrow or steep sidewalks/ramps, inaccessible seating/dining areas and restrooms, and self-service dispensers that were difficult for her to reach.

126.   These barriers to access have denied Ms. Lacher full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Lacher's dignity.

127.   Since October 2006, Plaintiff Bethany McClam has patronized several Burger King restaurants in California, including the Remaining BKLs located at 1202 W. Avenue I, Lancaster, 43627 N. 15th St. W, Lancaster, and 39519 10th Street West, Palmdale.

128.   At Burger King restaurants, Ms. McClam has encountered numerous barriers to access, including, for example, entry and restroom doors that were very difficult to open, inaccessible seating/dining areas and restrooms, and self-service dispensers that were difficult for her to reach.

129.   These barriers to access have denied Ms. McClam full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. McClam's dignity.

130.   Since October 2006, Plaintiff Erik Nieland has patronized several Burger King restaurants in California, including the Remaining BKLs located at 1801 Decoto Rd., Union City and 16 Southland Mall, Hayward.

1      131.   At Burger King restaurants, Mr. Nieland has encountered numerous barriers to

2  access, including, for example, entry doors that were very difficult to open, and self-service

3  dispensers that were difficult for him to reach.

4      132.   These barriers to access have denied Mr. Nieland full and equal access to, and

5  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr.

6  Nieland's dignity.

7      133.   Since October 2006, Plaintiff Carol Picchi has patronized several Burger King

8  restaurants in California, including the Remaining BKLs located at 175 W Calaveras Blvd.,

9  Milpitas, 385 S. Kiely, San Jose, 329 N. Capitol Ave., San Jose, 261 Race St., San Jose, 4040

10  Monterey Rd., San Jose and 2170 Monterey Rd., San Jose.

11      134.   At Burger King restaurants, Ms. Picchi has encountered numerous barriers to

12  access, including, for example, parking lots with insufficient or inadequate accessible parking

13  spaces, entry and restroom doors that were very difficult to open, inaccessible seating/dining

14  areas and restrooms, and self-service dispensers that were difficult for her to reach.

15      135.   These barriers to access have denied Ms. Picchi full and equal access to, and

16  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms.

17  Picchi's dignity.

18      136.   Since October 2006, Plaintiff William Showen has patronized several Burger

19  King restaurants in California, including the Remaining BKL located at 111 S Harding Blvd.,

20  Roseville, and 450 Leavesley Road in Gilroy.

21      137.   At Burger King restaurants, Mr. Showen has encountered numerous barriers to

22  access, including, for example, entry doors that were very difficult to open, and self-service

23  dispensers that were difficult for him to reach.

24      138.   These barriers to access have denied Mr. Showen full and equal access to, and

25  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr.

26  Showen's dignity.

27

28

139.   Since October 2006, Plaintiff Anne Casey has patronized several Burger King restaurants in California, including the Remaining BKLs located at 3150 Harbor Blvd., Costa Mesa, 13421 Newport Ave., Tustin and 601 E. Dyer Rd., Santa Ana.

140.   At Burger King restaurants, Ms. Casey has encountered numerous barriers to access, including, for example, entry doors that were very difficult to open, inaccessible seating/dining areas, and self-service dispensers that were difficult for her to reach.

141.   These barriers to access have denied Ms. Casey full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms. Casey's dignity.

142.   Since October 2006, Plaintiff George Partida has patronized several Burger King restaurants in California, including the Remaining BKLs located at 2101 W. Whittier Blvd., La Habra, 8845 S. Painter St., Whittier, 1919 Artesia Blvd., Redondo Beach, 1919 Pico Blvd., Santa Monica, 1453 W Manchester Ave., Los Angeles, 215 N. Gaffey St., San Pedro, 2600 Long Beach Blvd., Long Beach, 5540 Cherry Ave., Long Beach, 12513 E. Carson St., Hawaiian Gardens, and 1666 2nd St., Norco.

143.   At Burger King restaurants, Mr. Partida has encountered numerous barriers to access, including, for example, entry and restroom doors that were very difficult to open, inaccessible seating/dining areas and self-service dispensers that were difficult for him to reach.

144.   These barriers to access have denied Mr. Partida full and equal access to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr. Partida's dignity.

145.   Since October 2006, Plaintiff Kitty Dean has patronized several Burger King restaurants in California, including the Remaining BKLs located at 822 N. Johnson St., El Cajon, 728 W. San Marcos Blvd., San Marcos, 377 Vista Village Dr., Vista, 12427 Poway Rd., Poway, and 227 S. Tremont St., Oceanside.

146.   At Burger King restaurants, Ms. Dean has encountered numerous barriers to access, including, for example,  narrow or steep sidewalks/ramps, entry doors that were very

1  difficult to open, inaccessible seating/dining areas, and self-service dispensers that were

2  difficult for her to reach.

3       147.    These barriers to access have denied Ms. Dean full and equal access to, and

4  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms.

5  Dean's dignity.

6       148.    Since October 2006, Plaintiff Alfred Brown has patronized several Burger King

7  restaurants in California, including the Remaining BKL located at 1541 E. 12th St., Oakland.

8       149.    At Burger King restaurants, Mr. Brown has encountered numerous barriers to

9  access, including, for example, entry and restroom doors that were very difficult to open,

10  inaccessible seating/dining areas, and self-service dispensers that were difficult for him to

11  reach.

12       150.    These barriers to access have denied Mr. Brown full and equal access to, and

13  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr.

14  Brown's dignity.

15       151.    Since October 2006, Plaintiff Marsha Shining Woman has patronized several

16  Burger King restaurants in California, including the Remaining BKL located at 2055 Eureka

17  Way, Redding.

18       152.    At Burger King restaurants, Ms. Shining Woman has encountered barriers to

19  access, including, for example, entry and restroom doors that were very difficult to open, and

20  self-service dispensers that were difficult for her to reach.

21       153.    These barriers to access have denied Ms. Shining Woman full and equal access

22  to, and enjoyment of, the goods and services of BKC, and have been frustrating and injurious to

23  Ms. Shining Woman's dignity.

24       154.    Since October 2006, Plaintiff Goldene Springer has patronized several Burger

25  King restaurants in California, including the Remaining BKL located at 455 N. Humboldt St.,

26  Willows.

27       155.    At Burger King restaurants, Ms. Springer has encountered barriers to access,

28  including, for example, entry and restroom doors that were very difficult to open, inaccessible

1  seating/dining areas and restrooms, and self-service dispensers that were difficult for her to

2  reach.

3       156.  These barriers to access have denied Ms. Springer full and equal access to, and

4  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Ms.

5  Springer's dignity.

6       157.  Since October 2006, Plaintiff Daniel Xenos has patronized several Burger King

7  restaurants in California, including the Remaining BKL located at 13446 Lincoln Way,

8  Auburn.

9       158.  At Burger King restaurants, Mr. Xenos has encountered numerous barriers to

10  access, including, for example, entry and restroom doors that were very difficult to open.

11       159.  These barriers to access have denied Mr. Xenos full and equal access to, and

12  enjoyment of, the goods and services of BKC, and have been frustrating and injurious to Mr.

13  Xenos's dignity.

14       160.  Other potential class and subclass members report encountering similar barriers

15  at Remaining BKLs , including but not limited to barriers to accessible parking; doors that are

16  difficult to get to or to open; counters, drink machines and self-service dispensers that are hard

17  to reach; inaccessible seating/dining areas; and inaccessible restrooms.

18       161.  On information and belief, BKC has engaged in acts of intentional

19  discrimination, including but not limited to the following policies or practices pertaining to

20  Disability Access Requirements:

21            a.  designing, constructing, implementing and maintaining barriers that

22                 discriminate against members of the putative class and subclasses with

23                 knowledge of such discrimination and/or

24            b.  designing, constructing, implementing and maintaining barriers that are

25                 sufficiently intuitive and/or obvious as to constitute intentional conduct;

26                 and/or

27            c.  failing to act in the face of the substantial likelihood of harm to class and

28                 subclass members' rights protected under federal and state law.

162.    On information and belief, Burger King utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CLAIM FOR RELIEF
### (Americans with Disabilities Act)

163.    Plaintiffs reallege and incorporate by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

164.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12182(b)(2)(D)(I).

165.    Title III of the ADA also requires that individuals and entities subject to the ADA are required to comply with DOJ Standards.

166.    Remaining BKLs are places of public accommodation.  42 U.S.C. § 12181(7)(B).

167.    Defendant is subject to Title III of the ADA because it owns, operates, and/or leases the Remaining BKLs.

168.    Defendant has discriminated against Plaintiffs and members of the proposed class and subclasses on the basis of disability.  Defendant's discriminatory conduct includes but is not limited to:

    a.    Maintaining discriminatory policies and practices;

    b.    Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    c.    Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

d.   Failing to design and/or construct restaurants built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities;

e.   Failing to remodel or make alterations in such a manner that, to the maximum extent feasible, the altered portions of the restaurants altered after January 26, 1992, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs and scooters;

f.   Failing to remodel or make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms and drink machines serving the altered area, are readily accessible to and usable by individuals with disabilities;

g.   Failing to remove barriers, including but not limited to queue lines, counter height, door weight, parking accessibility; to individuals with disabilities where it would be readily achievable to do so;

h.   Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities; and/or

i.   Utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or that perpetuate the discrimination of tenant/franchisees who are subject to common administrative control.

169.   As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiffs and members of the proposed class and subclasses on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of

1  Remaining BKLs in violation of Title III of the Americans with Disabilities Act, 42 U.S.C.

2  § 12181 *et seq.* and/or its implementing regulations.

3      170.    Defendant's violations of the ADA have harmed and will continue to harm

4  Plaintiffs and members of the proposed class and subclasses in the future.

5      171.    Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188,

6  Plaintiffs pray for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Unruh Civil Rights Act and the Unruh Act's Incorporation of the ADA)**

7

8      172.    Plaintiffs reallege and incorporate by reference the allegations set forth in the

9  remainder of this Complaint as if fully set forth herein.

10     173.    Remaining BKLs are business establishments and, as such, must comply with

11 the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.* ("the Unruh Act").

12     174.    The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled

13 to full and equal accommodations, advantages, facilities, privileges, or services in all business

14 establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal.

15 Civ. Code, § 51(b).

16     175.    The Unruh Act also provides that a violation of the ADA, the DOJ Standards, or

17 Title 24 is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

18     176.    Defendant has violated the Unruh Act by, *inter alia*, denying, or aiding or

19 inciting the denial of, Plaintiffs' and class and subclass members' rights to the full and equal

20 accommodations, advantages, facilities, privileges, or services offered at Remaining BKLs .

21     177.    Defendant has also violated the Unruh Act by denying, or aiding or inciting the

22 denial of, Plaintiffs' and class and subclass members' rights to equal access arising from the

23 provisions of the California state accessibility regulations and the ADA.

24     178.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52,

25 Plaintiffs pray for judgment as set forth below.

26

27

28

### THIRD CLAIM FOR RELIEF
**(California Disabled Persons Act and the CDPA's Incorporation of the ADA)**

179.   Plaintiffs reallege and incorporate by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

180.   Remaining BKLs are places of public accommodation and/or places to which the general public is invited and, as such, are obligated to comply with the provisions of the CDPA, Cal. Civ. Code, § 54, *et seq.*

181.   The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.  Cal. Civ. Code § 54.1(a)(1).

182.   The CDPA also provides that a violation of the ADA, the DOJ Standards, or Title 24 is a violation of the CDPA.  Cal. Civ. Code § 54.1(d).

183.   Defendant has violated the CDPA by, *inter alia*, denying and/or interfering with Plaintiffs' and class and subclass members' right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of Remaining BKLs.

184.   Defendant has also violated the CDPA by denying and/or interfering with the Plaintiffs' and class and subclass members' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

185.   Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

### RELIEF

WHEREFORE, Plaintiffs respectfully request:

1.   That this Court assume jurisdiction.

2.   That this Court certify the class and/or subclasses identified above.

4.   That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* and the California Disabled Persons Act, Cal. Civ. Code, § 54, *et seq.*, as well as their implementing regulations.

1        5.    That this Court issue an injunction ordering Defendant to comply with the

2   statutes and regulations set forth herein.

3        6.    That this Court award minimum statutory damages, defined as $4,000 per

4   incident of discrimination under Unruh or $1,000 per incident of discrimination under the

5   CDPA, to Plaintiffs and members of the proposed class and subclasses for violations of their

6   civil rights under state law.

7        7.    That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to

8   federal and California law.

9        8.    That this Court award such additional or alternative relief as may be just, proper

10  and equitable.

11  Dated: February 14, 2011

Respectfully submitted,

12

13  By: *Bill Lann Lee / JC*

Bill Lann Lee (State Bar No. 108452)
Andrew Lah (State Bar No. 234580)

14  Julia Campins (State Bar No. 238023)
Joshua Davidson (State Bar No. 275168)

15  LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.

16  476 Ninth Street
Oakland, CA 94607

17  Tel:   (510) 839-6824
Fax:   (510) 839-7839

18  blee@lewisfeinberg.com
alah@lewisfeinberg.com

19  jcampins@lewisfeinberg.com

20  Timothy P. Fox (State Bar No. 157750)
FOX & ROBERTSON, P.C.

21  104 Broadway, Suite 400
Denver, CO 80203

22  Tel:  (303) 595-9700
TTY: (877) 595-9706

23  Fax:  (303) 595-9705
tfox@foxrob.com

24
25  Mari Mayeda (State Bar No. 110947)
P O Box 5138
Berkeley, CA 94705

26  Tel:   (510) 917-1622
Fax:   (510) 841-8115

27  marimayeda@earthlink.net

28

*Attorneys for Plaintiffs*