IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN VALLABHAPURAPU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BURGER KING CORPORATION, <br><br> Defendant. | No. C 11-00667 WHA <br><br> **ORDER DENYING MOTION TO SEVER THIRD-PARTY COMPLAINT AND VACATING HEARING** |

## INTRODUCTION

In this contractual dispute between a franchisor — Burger King Corporation — and its California franchisees, the franchisees move in two groups to sever Burger King's third-party complaint against them and consolidate it with an earlier action, *Newport v. Burger King Corporation*. For the following reasons, the two motions are **DENIED** and the hearing is vacated.

## STATEMENT

This action is the second part of a class action originally asserted against Burger King, which alleged ADA violations at 96 of its California restaurants. In the first part of the litigation, *Castaneda v. Burger King Corporation*, C08-04262 WHA, classes were certified as to ten of the alleged 96 non-compliant restaurants. Burger King reached a settlement with the plaintiffs in *Castaneda*, and then sought to recoup the settlement costs from its franchisees via contractual indemnity. In response, 64 of the franchisees filed a complaint, *Newport v. Burger King Corporation*, C10-04511 WHA, seeking declaratory relief from indemnifying Burger King

for its own negligence (SRAC Br. 1–2; Third-Party Br. 4–5; Opp. to Third-Party 2–4). Burger King contends that the plaintiffs in the *Newport* action — third-party defendants in this action — only sought relief as to the *Castaneda* settlement (ten restaurants), but the third-party defendants claim they sought relief from all claims at any and all Burger King locations (Third-Party Br. 3; Opp. to Third-Party 3). The *Newport* action is ongoing and has a trial date set for January 2012.

The disability plaintiffs filed this action in February 2011, against Burger King regarding the 86 restaurants not included in the *Castaneda* settlement (Dkt. No. 1). Burger King then filed a third-party complaint pursuant to FRCP 14 against the franchisees for indemnity of settlements and judgments for this action. Some of the franchisees now move to sever the third-party complaint against them in this action and consolidate it with the indemnity issues in the *Newport* action. The franchisees have filed two motions — one on behalf of numerous third-party defendants in which others have since joined (*See* Dkt. Nos. 59, 128) — and the other one by Strategic Restaurants Acquisition Company II, LLC, SRAC Holdings I, Inc., and Jerry M. Comstock (SRAC Br. 1–2; Third-Party Br. 4–5). This order follows full briefing.

**ANALYSIS**

Third-party defendants assert that it would be appropriate to sever Burger King's third-party complaint in this action and consolidate it with the *Newport* indemnity issues. Third-party defendants argue that the third-party complaint is a compulsory counterclaim to the *Newport* action and principles of comity require severance. SRAC defendants further assert that severance would be in the interest of judicial economy and consolidation would be appropriate under FRCP 42(a).

In the Court's view, it is better to adjudicate the extent to which the franchisees owe Burger King indemnity *after* any amounts paid to the disability plaintiffs is determined. In addition, the franchisees' liability for indemnity will turn on a franchise-by-franchise basis depending on each franchise's agreement with Burger King. Many of the agreements will be parallel and deserve parallel treatment, but that will not always be true, and an individual franchise-by-franchise appraisal will likely be needed. Consolidation of the claims into the

*Newport* action creates too big of a risk that the trial date set for January 9, 2012, will turn into a zoo and mass confusion. There is no pressing need here for indemnity to be determined before Burger King's liability to the plaintiff class is determined.

In support of their argument, third-party defendants contend that the third-party complaint must be severed from this action and consolidated with the *Newport* indemnity claims because it is a compulsory counterclaim in the *Newport* action. Not so. "A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party of the claim" if it arises out of the same transaction or occurrence and does not require adding a party over whom the court cannot acquire jurisdiction. FRCP 13(a)(1).

As Burger King argues in its opposition, Burger King's third-party complaint in this action could not be considered a compulsory counterclaim in *Newport* because the outcome of this action and thus, Burger King's need for indemnity, remains to be determined. "A cause of action [for indemnity] does not accrue until the indemnitee has made actual payment." *States S.S. Co. v. Am. Smelting & Ref. Co.*, 339 F.2d 66, 70 (9th Cir. 1964). If a claim has not yet accrued, it cannot be said that it was a compulsory counterclaim in an earlier action. Accordingly, Burger King's third-party complaint is not a compulsory counterclaim in the *Newport* action. Third-party defendants' and SRAC's motions to sever Burger King's third-party complaint are hereby **DENIED**.

Third-party defendants request judicial notice of six documents that do not bear on the foregoing analysis; that request is **DENIED AS MOOT**.

         \*       \*       \*

The Court may have to postpone the January 2012, trial date in all events on account of a criminal trial in the MS-13 case. It is conceivable that the calculus on this motion will be re-evaluated as we draw closer to trial in the *Newport* action.

3

**CONCLUSION**

For the foregoing reasons, third-party defendants' and SRAC's motions to sever the third-party complaint are **DENIED**. The hearing scheduled for October 27 is hereby **VACATED**. Third-party defendants' request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE