IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN VALLABHARPURAPU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BURGER KING CORPORATION, <br><br> Defendant. | Case No.: 11-cv-667 WHA (JSC) <br><br> **ORDER RE: DEFENDANT'S MOTION TO STAY OR, ALTERNATIVELY, ENLARGE ITS TIME TO COMPLY WITH THE COURT'S OCTOBER 14, 2011 ORDER (Dkt. No. 131)** |

Now pending before the Court is Defendant's Motion to Stay or Enlarge the Time to Comply with the Court's October 14, 2011 Order. (Dkt. No. 131). Having considered the briefing of the parties, the Court hereby DENIES Defendant's motion.

The Court's October 14, 2011 order required Defendant to produce documents responsive to Plaintiffs' First Request for the Production of Documents, Nos. 1 and 7 redacted to remove any opinions, impressions or strategies. Defendant seeks a stay of that order or an extension of the deadline for compliance to allow it to file objections to the order pursuant to Local Rule 72-2.

The current motion is akin to a motion for stay pending appeal. In determining whether a stay pending appeal is appropriate, the Court considers the following four factors:

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

As an initial matter, the Court notes that Defendant has already thoroughly – and unsuccessfully – litigated this very issue in Castaneda v. Burger King Corp., No. 08-04262 WHA (N.D. Cal.). See, e.g., Castaneda v. Burger King Corp., 259 F.R.D.194, 199 (N.D. Cal. 2009); Castaneda, No. 08-04262, Dkt. Nos. 222, 238, 253. As such, Defendant cannot demonstrate a likelihood of success on the merits.

Defendant nonetheless alleges that it will be irreparably harmed if it is required to produce the documents because the work product protection will be "irretrievably lost" upon production. The Court disagrees. Nothing will be lost if the surveys are produced because Defendant has only been ordered to provide *factual information*. All that is required to be produced are measurements and photographs. The Court's order clearly specified that Defendant should redact any potentially protected information such as impressions, strategies, or opinions. The real potential harm to Defendant is from "admitting" the documents into evidence, not producing the documents. Therefore, if the district court were to overturn this Court's order, then Plaintiffs would not be allowed to use the information in the litigation and the parties would be returned to the very same position they are in now. Furthermore, some of the very documents at issue here have already been produced to Plaintiffs by third-parties and were also ordered to be produced in the related case Newport v. Burger King Corp, No. 10-cv-4511-WHA.

Plaintiffs, in contrast, will suffer irreparable harm if they do not obtain this discovery in the timeframe outlined in the Court's October 14, 2011 order. The deadline for Plaintiffs to file for class certification is November 17, 2011. As the Court found in its order, this discovery is relevant to Plaintiffs' class allegations and the proper subject of discovery at this time. Any further delay in producing these documents will prejudice Plaintiffs' ability to prepare their class certification motion.

Finally, the public interest lies in expeditiously resolving this case. Granting Defendant's request for a stay will merely cause delay.

Accordingly, Defendant has failed to establish that it is entitled to a stay of the Court's order or that an extension of the deadline to comply is appropriate. Defendant's motion to stay or for an extension of time (Dkt. No. 131) is DENIED, except that the October 21, 2011 deadline is extended to October 24, 2011. The parties are, of course, free to agree to the compromise proposed by Plaintiffs on page four of their Opposition. (Dkt. No. 133).

**IT IS SO ORDERED.**

Dated: October 21, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3