IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN VALLABHARPURAPU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BURGER KING CORPORATION, <br><br> Defendant. | No. C 11-00667 WHA <br><br> **ORDER DENYING STAY AND GRANTING ENLARGEMENT OF TIME** |

  Defendant Burger King Corporation moves for an emergency stay, or alternatively, enlargement of time, pursuant to Local Rule 6-3, of Magistrate Judge Corley's discovery order dated October 14, 2011, as amended on October 21 (Dkt. Nos. 129, 134).

  The order dated October 14, required BKC to produce redacted architectural surveys performed of the BKLs by October 21 (Dkt. No. 129). Magistrate Judge Corley concluded that the surveys at issue contained information relevant to plaintiffs' claims and were entitled to work-product protection. She then found that plaintiffs made a sufficient showing under Rule 26(b)(3)(A) of a "substantial need for the materials to prepare [their] case and [could not], without undue hardship, obtain their substantial equivalent by other means." Indeed, she explained, the only way plaintiffs could have obtained their own surveys of the restaurants at issue *before* BKC altered the premises would have been to survey more than 600 restaurants to obtain information regarding what turned out to be approximately 90 leased restaurants. This would have cost at least $630,000 and taken at least two and a half years to complete. Thus Magistrate Judge Corley concluded, it would have been unreasonable to require this of plaintiffs, and therefore, the "only present source of information regarding the state of the restaurants prior to the remediation efforts

1  is the BKC surveys." Accordingly, the order held that plaintiffs are entitled to the "information
2  sought — measurements and photographs — [which] is not itself protected work product." BKC
3  was ordered to produce redacted surveys, removing "any opinions, impressions, and strategies"
4  (Dkt. No. 129 at 9–10).

5  On October 19, BKC moved to stay, or alternatively, enlarge time to comply with the
6  discovery order (Dkt. No. 131). BKC sought a seven-day enlargement of time, so that it would
7  not be ordered to comply with the discovery order prior to the 14 days provided under Rule 72 to
8  submit objections. BKC argued that the order required it to produce documents protected by
9  attorney-client privilege and work-product doctrine and that BKC would be irreparably and
10 irreversibly harmed if it were required to disclose the allegedly protected material pending review
11 of the discovery order. The motion to stay was denied, but BKC was granted an extension of time
12 to comply with the discovery order to October 24.

13 In denying the motion, Magistrate Judge Corley concluded that BKC was unlikely to be
14 able to demonstrate success on the merits of its arguments because it had unsuccessfully litigated
15 this very issue regarding production of architectural surveys in *Castaneda v. Burger King Corp.*,
16 259 F.R.D. 194 (N.D. Cal. 2009). On the other hand, she noted that plaintiffs would suffer
17 irreparable harm if they did not obtain this discovery in advance of the November 17, deadline to
18 file a motion for class certification, given that the discovery was relevant to the class allegations.

19 Less than two hours before the October 24, deadline to comply with the discovery order,
20 BKC moved the district judge for a stay pending its resolution of BKC's yet-to-be-filed Rule 72
21 motion for relief from Magistrate Judge Corley's discovery order, or in the alternative,
22 enlargement of time to comply with the discovery order.

23 BKC contends that the disclosure required by the discovery order is contrary to this
24 Court's decision in *Castaneda*, wherein disclosure of surveys was required only as to the ten
25 restaurants that corresponded to the ten certified classes and only seventy days before trial. But
26 the *Castaneda* discovery issue arose post-class certification, not pre-certification, as it does here.
27 This action involves 27 plaintiffs who allege discrimination at 67 BKL restaurants. Plaintiffs
28 allege a class action covering the 86 BKL restaurants not addressed in *Castaneda* and 67

2

subclasses addressing the BKLs visited by the named plaintiffs. Plaintiffs are entitled to pre-class certification of relevant information, such as the architectural surveys.

BKC has been required to disclose the least protectable information possible, merely facts, which do not include opinions, impressions, or strategy. Thus, a stay is not warranted. The motion for a stay is **DENIED**.

The deadline to comply with the discovery order has passed. The deadline to comply will be extended to **OCTOBER 28, 2011**.

**IT IS SO ORDERED.**

Dated: October 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3