IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAN VALLABHAPURAPU, *et al.*,

    Plaintiffs,

  v.

BURGER KING CORPORATION,

    Defendant.

No. C 11-00667 WHA

**ORDER ON DEFENDANT'S RENEWED MOTION TO STAY**

    Burger King Corporation ("BKC") seeks a stay of Magistrate Judge Corley's order dated October 14, requiring BKC to produce documents it claims are privileged — namely, architectural surveys of the BKLs. This renewed motion seeks a stay of the challenged order pending disposition of a Rule 72 motion filed by BKC, and if that motion is denied, for a sufficient time to bring a challenge to that denial before the United States Court of Appeals for the Ninth Circuit (Dkt. Nos. 138, 139). BKC filed the instant motion to stay concurrently with its Rule 72 objection to Magistrate Judge Corley's order dated October 14.[*]

    Prior to filing its Rule 72 motion, BKC moved this Court to stay the challenged order, or in the alternative, to enlarge time to comply with the challenged order. BKC was provided relief and was granted an extension of time to comply with the challenged order. The deadline to comply was extended to October 28, 2011, and the motion to stay was denied. BKC did not produce the documents by October 28. Instead, BKC filed its Rule 72 objection and renewed

---

[*] The order does not find, as plaintiffs urge, that the instant motion to stay is really a motion for reconsideration, in which case BKC would be required to seek leave prior to filing. The instant motion seeks relief not sought in the motion to stay dated October 19.

1  motion to stay based on its Rule 72 objections and its contention that the challenged order
2  requires production of privileged documents, production of which would irreparably harm BKC.
3  By contrast, plaintiffs will not be harmed by the delay in production because, BKC argues,
4  plaintiffs do not need the information that is the subject of the discovery dispute as it is not
5  necessary for the class certification motion, for which the opening brief is presently scheduled to
6  be due by November 17, 2011.

7  Based on review of the submissions, including the Rule 72 motion, good cause is found to
8  grant a brief stay pending this Court's decision on the Rule 72 motion.  Nothing in this order
9  should be construed as a ruling on any part of the Rule 72 motion.  Plaintiffs are incorrect in
10 stating in their opposition to this motion that the Court has already determined that the challenged
11 order was not erroneous — the Court has yet to rule on the Rule 72 motion (Opp. at 4).  The
12 challenged order will be stayed until three calendar days after a ruling on the Rule 72 motion,
13 allowing defendant BKC sufficient time to appeal the ruling, if it so chooses.  Thus, the motion to
14 stay, to the extent stated above, is **GRANTED**.

16 **IT IS SO ORDERED.**

18 Dated:  November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE