IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN VALLABHAPURAPU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BURGER KING CORPORATION,<br><br>Defendant. | No. C 11-00667 WHA<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR CERTIFICATION OF SETTLEMENT CLASSES** |

**INTRODUCTION**

In this ADA action, named plaintiffs move for certification of 86 restaurant-specific settlement classes. The motion is unopposed by defendant for settlement purposes only. This order certifies 86 settlement classes, appoints class representatives, and appoints class counsel.

**STATEMENT**

There are over 600 Burger King restaurants in California. Defendant BKC has a leasehold interest in approximately 96 of them, referred to herein as BKL restaurants. BKC leases the BKL restaurants to franchisees. In *Castaneda v. BKC*, No. 08-4262 (WHA), three plaintiffs filed a class action alleging violations of the ADA and state law at all California BKL restaurants. Pursuant to Federal Rule of Civil Procedure 23(b)(3), ten classes, one for each of the restaurants that the three named plaintiffs had patronized, were certified.

Pursuant to the terms of the *Castaneda* settlement, BKC was required to maintain access at the *Castaneda* BKL's in three main ways: (1) by requiring franchisees to perform a checklist of access-related tasks prior to opening each day, (2) by surveying each of the ten restaurants at

least once every three years using an agreed-upon form and requiring the franchisees to take any required corrective action, and (3) by requiring the franchisees to hire registered architects to survey each restaurant every time the lease agreement is renewed and resurveying to ensure that the remodeled restaurant complies.

In February 2011, this putative class action was filed alleging violations of the ADA, Unruh Civil Rights Act, and the California Disabled Persons Act (the same claims brought in *Castaneda*) at the BKL restaurants that were not covered by the *Castaneda* settlement. There are 86 such restaurants. The parties refer to these as the "remaining BKLs." Generally, plaintiffs allege that BKC has violated state and federal laws and regulations by pursuing discriminatory policies or practices that result in unlawful architectural or design barriers which deny customers who use wheelchairs or scooters access to services at BKL restaurants. Plaintiffs, on behalf of the putative class, seek injunctive relief to remedy alleged architectural barriers to access at the remaining BKLs in California; they also seek the minimum statutory damages per offense under the Unruh Act and the CDPA.

The parties have reached a proposed settlement of this action. Plaintiffs have moved for certification of 86 restaurant-specific settlement classes. BKC has not opposed. The parties have filed a joint motion for preliminary approval of the proposed settlement. And plaintiffs have filed a motion to amend the complaint to add named plaintiffs. The motion to amend the complaint was granted. This order addresses only the motion for class certification. The motion for preliminary approval will be decided by separate order.

In December 2011, plaintiffs moved for certification of an overarching injunctive class under Rule 23(b)(2), which would cover all 86 restaurants, as well as restaurant-specific classes under Rule 23(b)(3). BKC filed a motion to oppose. By order dated January 17, 2012, the action was stayed pending evaluation of the proposed settlement. Plaintiffs now move for certification of 86 restaurant-specific settlement classes under Rule 23(b)(2) and (b)(3). There is no longer a need for an overarching injunctive class because the first amended complaint names at least one plaintiff who has been to each of the 86 remaining BKLs.

2

1. **NAMED PLAINTIFFS.**

The first amended complaint names thirty-nine plaintiffs. They are: Mohan Vallabhapurapu, Ron Sarfaty, Kenneth Kilgore, Tyrey Mills, a minor, by and through his next friend and mother Ginene Mills, Jenilyn Jimenez, Elizabeth Baker, William Farber, Uverda Harry, Kathryn Tyler, Priscilla Walker, Richard Felix, Kathleen Gonzalez, Judy Cutler, Diane Dailey, Carol Lacher, Bethany McClam, Erik Nieland, Carol Picchi, William Showen, George Partida, Kitty Dean, Alfred Brown, Marsha Shining Woman, Goldene Springer, Daniel Xenos, Katherine Adams, Lynda Bowman, Theresa Brown-Gaulitz, Jamie Coleman, Sheila Flaherty, Lisa Lothridge, Diane Mackie, Pia Parker, Coleen Rairdon-Brainard, Geri Samuel, William Sheehan, Barry Smith, David Thomas, and John Whited. Each named plaintiff is disabled and uses a wheelchair or scooter for mobility and has encountered discriminatory barriers at the BKL restaurant for which he or she seeks to be a class representative.

2. **PROPOSED CLASSES AND CLAIMS FOR RELIEF.**

Plaintiffs seek certification of 86 restaurant-specific settlement classes under Rule 23(b)(2) and (b)(3). The restaurants and corresponding proposed class representatives are set forth in Exhibit one, appended hereto. The proposed classes are defined as follows:

> All individuals with mobility-impairment disabilities who use wheelchairs or electric scooters for mobility who, at any time on or after October 16, 2006, and up to the date of the class notice, were denied, or are currently being denied, on the basis of their mobility-impairment disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of [the particular restaurant applicable to that class].

This is the same class definition used for each store-specific class in *Castaneda*, except for the substitution of the agreed commencement date for the class period and the fact that plaintiffs here seek certification under Rule 23(b)(2) of the injunctive claims for each class. The settlement classes seek injunctive relief under the ADA, Unruh, and the CDPA and minimum statutory damages under Unruh, California Civil Code § 52(a), and the CDPA, California Civil Code § 54.3(a).

3

**United States District Court**
For the Northern District of California

**ANALYSIS**

"A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Pursuant to Rule 23(a), for a named plaintiff to obtain class certification, the court must find: (1) numerosity of the class, (2) common questions of law or fact, (3) that the named plaintiff's claims and defenses are typical of the claims or defenses of the class, and (4) that the named plaintiff and plaintiff's counsel can adequately protect the interests of the class. Plaintiffs seek certification of all 86 settlement classes under Rule 23(b)(2) and (b)(3).

### 1. NUMEROSITY.

The numerosity requirement of Rule 23(a)(1) is satisfied when "joinder of all members is impracticable." The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least forty members. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (concluding a class of 20 was sufficient to satisfy numerosity requirement).

Plaintiffs have been contacted by approximately 850 individuals who report that they use wheelchairs or scooters and have experienced discrimination at one or more remaining BKL restaurant. In 65 of the 86 proposed settlement classes, plaintiffs have received contacts from 40 or more individuals. In 11 of the remaining 21 classes, plaintiffs have received contacts from between 30 and 39 individuals. In four of the remaining classes, plaintiffs have received contacts from between 20 and 29 individuals. In the remaining six classes, plaintiffs have received contacts from between ten to 15 individuals. In all of the proposed settlement classes, members reside in multiple states. In fact, in 64 of the 86 classes, members are from five or more states (Fox Decl. ¶¶ 2–4; Br. Exh. 2).

Burger King is one of the top three fast-food hamburger chains in the world (Dkt. No.

4

1  169-3). As of 2004, census figures demonstrated that there were approximately 151,580 non-
2  institutionalized people 16 years of age or older in California who use wheelchairs. Here, the
3  exact size of the classes are unknown. The numbers in the preceding paragraph are based on the
4  number of individuals who have contacted plaintiffs regarding this putative class action. Where,
5  as here, the class consists of persons with disabilities impacted by architectural barriers, it would
6  be difficult to identify individual class members, thereby making joinder impracticable. *See*
7  *Arnold v. United Artist Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994) (Henderson,
8  J.) (concluding joinder was impracticable because "by the very nature of this class" of
9  wheelchair users, "its members are unknown and cannot be readily identified"). Thus, the
10 numerosity requirement is satisfied for all 86 settlement classes.

### 2. COMMONALITY.

A class has sufficient commonality under Rule 23(a)(2) if "there are questions of law or fact common to the class." Rule 23(a)(2) does not require each member in a class to have identical factual and legal issues surrounding their claim. "The existence of shared legal issues with divergent factual predicates is sufficient." *Hanlon*, 150 F.3d at 1019. This requirement is met here because members of each of the 86 classes face identically alleged access barriers. Thus, as to each class, the common contentions are "capable of classwide resolution." *Dukes*, 131 S. Ct. at 2551.

### 3. TYPICALITY.

The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The named plaintiffs, like members of each proposed class they represent, are disabled and use wheelchairs or scooters for mobility and have encountered the same alleged discriminatory barriers at the same particular store, as the members of the class they seek to represent. Thus, the typicality requirement is satisfied.

### 4. ADEQUACY.

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." This factor has two requirements: (1) that the proposed representative

plaintiffs and their counsel do not have any conflicts of interest with the proposed class and (2) that the named plaintiffs and their counsel will prosecute this action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020.

### A. Adequacy of Named Plaintiffs.

Each named plaintiff is disabled and uses a wheelchair or scooter (Br. Exh. 2). Each named plaintiff has been to one or more of the remaining BKLs, corresponding to the class which he or she seeks to represent, since October 2006 and has experienced barriers to access (Br. Exh. 1). The record does not show that any of the named plaintiffs has a conflicts of interest with other class members. Named plaintiffs have selected counsel who have prosecuted this action vigorously on behalf of the class, and nothing in the record suggests they will not vigorously pursue injunctive and monetary relief on behalf of the respective classes. Named plaintiffs are adequate class representatives for the classes which they seek to represent (*See* Exh. 1).

### B. Adequacy of Plaintiffs' Counsel.

In *Castaneda*, current plaintiffs' counsel were appointed as class counsel. Specifically, Lewis, Feinberg, Lee, Renaker & Jackson with Attorney Bill Lann Lee as lead counsel, Fox & Robertson, P.C., and Mari Mayeda, were appointed as class counsel. Plaintiffs seek appointment of the same class counsel in this action, with Attorney Lee serving as lead counsel. Proposed class counsel possess extensive class action and ADA experience (Dkt. Nos. 169-4; 169-3; 169-5). Proposed class counsel are capable of adequately and vigorously prosecuting this action. Thus, Lewis, Feinberg, Lee, Renaker & Jackson with Attorney Lee as lead counsel, Fox & Robertson, P.C., and Mari Mayeda, are appointed as class counsel. Class counsel must make a conscious effort to reduce and eliminate duplication of efforts.

### 5. HYBRID CERTIFICATION.

Named plaintiffs seek certification of the 86 settlement classes under both Rule 23(b)(2) and (b)(3). There is no rule against hybrid certification. *See Beck v. Boeing. Co.*, 60 F. App'x 38, 39 (9th Cir. 2003).

6

### A. Rule 23(b)(2) General Applicability.

Certification under Rule 23(b)(2) is proper if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As this Court held in *Castaneda*, "All mobility-impaired patrons of a particular restaurant who use wheelchairs face identical facilities and identical access barriers." 264 F.R.D. 557, 572 (N.D. Cal. 2009). Certification of the classes' injunctive relief claims under Rule 23(b)(2) is therefore appropriate.

### B. Rule 23(b)(3) Predominance and Superiority.

Rule 23(b)(3) requires that plaintiffs show that common questions of law and fact "predominate over any questions affecting only individual members" and that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Within each class, common questions will predominate. Members of each class are mobility-impaired patrons of a particular restaurant who use wheelchairs or scooters and face identical access barriers at a particular restaurant. Each restaurant's construction date, alteration's history, and defenses will be identical within the respective classes. Our court of appeals has stated that while there may be individualized issues concerning damages, "the amount of damages is invariably an individual question and does not defeat class action treatment." *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010). Common issues of fact and law will predominate over any individual differences.

Resolving damages claims through store-specific settlement classes will be far more efficient than resolving each class member's claims individually in separate lawsuits throughout California. The barriers alleged in each store and the defenses that BKC may raise are capable of being resolved on a classwide basis. Classwide resolution will avoid hundreds, if not over a thousand individual trials. Thus, a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

### C. Ascertainability.

In addition to the explicit requirements of Rule 23, an implied prerequisite to class certification is that the class must be sufficiently definite. *See, e.g., Dietz v. Comcast Corp.*,

7

2007 WL 2015440, at *8 (N.D. Cal. 2007) (Alsup, J.); *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (Alsup, J.).

Here, the classes are defined by knowable and provable, objective factors such as disability, geography, and the dates of patronage of the restaurants. The classes are sufficiently ascertainable.

**CONCLUSION**

To the extent stated above, plaintiffs' unopposed motion for class certification is **GRANTED**.

The 86 proposed settlement classes shall be certified pursuant to Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for damages claims, one for each of the BKC restaurants specified in Exhibit one, appended to this order, each defined as follows:

> All individuals with mobility-impairment disabilities who use wheelchairs or electric scooters for mobility who, at any time on or after October 16, 2006, and up to the date of the class notice, were denied, or are currently being denied, on the basis of their mobility-impairment disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of [the particular restaurant applicable to that class].

Each such class is certified to seek injunctive relief pursuant to the ADA, Unruh, and the CDPA, and statutory damages pursuant to the Unruh and CDPA with regard to its respective restaurant.

The individuals identified in Exhibit one to this order shall be **APPOINTED** class representatives of the classes certified herein. Exhibit one specifies the class(es) each class representative will represent.

Pursuant to Rule 23(g), the Lewis Feinberg, Lee, Renaker & Jackson firm, with Attorney Bill Lann Lee as lead counsel, the Fox & Robertson, P.C., firm, and Attorney Mari Mayeda are **APPOINTED** as class counsel.

The Court will scrutinize carefully any attorney's fee application and will eliminate waste due to an inordinate number of timekeepers. Current time records must be kept so that the lodestar can be tabulated by project, timekeeper, hourly rate, and time spent. The overall number of timekeepers should be kept to a small, efficient core group of lawyers and legal assistants, all of whom are up to speed, with only rare instances of bringing in extra timekeepers, such as, for

1  example, to staff an emergency motion. Using summer associates and externs is almost always
2  inefficient so, if they are used, their time should be reduced in accordance with professional
3  billing judgment.
4      The next step is to disseminate class notice. Plaintiffs have submitted a proposed form of
5  class notice. A separate order will address the revisions required to the proposed class notice
6  and set the schedule for dissemination.

**IT IS SO ORDERED.**

Dated: July 2, 2012.                                                          _____

                                                                            WILLIAM ALSUP
                                                                            UNITED STATES DISTRICT JUDGE