IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAN VALLABHAPURAPU, *et al.*,

Plaintiffs,

v.

BURGER KING CORPORATION,

Defendant.

No. C 11-00667 WHA

**ORDER REGARDING NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT AND SETTING FAIRNESS HEARING DATE**

The Court has reviewed the proposed class settlement and hereby directs notice be given to class members, so that a fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel from the settlement for fees and costs. A fairness hearing will be held at **3:00 P.M ON OCTOBER 25, 2012**, in Courtroom 8, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. The Court will retain jurisdiction to enforce the settlement agreement for four years from the date of approval, if such approval is granted.

1. **CLAIMS ADMINISTRATOR.**

Plaintiffs propose to use the Garden City Group, Inc., as the claims administrator. Plaintiffs propose that the claims administrator will disseminate class notice, determine the validity of all damages claims, and handle administration of the settlement. The use a claims administrator for these tasks is approved.

**2. NOTICE.**

The parties seek approval of three separate notices: (1) notice to existing damages claimants, (2) long-form notice to potential damages claimants, and (3) short-form notice to potential damages claimants.

The short-form notice to potential damages claimants must be modified as follows:

- In the section entitled "What is this Case About?" add the following after the second to last sentence: "The parties have reached a settlement of this case. It is up to the Court, after hearing your views, to determine whether to approve the proposed settlement. At this point, the Court has not approved the settlement."

- In the section entitled "What is the Settlement Agreement?" add the following after the first sentence of subsection number four: "Class counsel have estimated that the average recovery per class member will be over $8,200, after deductions for attorney's fees and costs."

- In the section entitled "Who Represents Me?" modify the first sentence to read as follows: "The Court found the law firm of Lewis, Feinberg, Lee, Renaker & Jackson, the law firm of Fox & Robertson, PC, and Attorney Mari Mayeda are qualified to represent all Class Members."

- In the section entitled "Who Represents Me?" delete the second and third sentences and insert the following: "Class counsel will seek attorney's fees and expenses of up to 25% of the settlement fund. It is up to the Court to decide how much to award but all such amounts will come out of the class settlement and reduce your recovery. If you choose to exclude yourself from the class for purposes of participation in the monetary portion of the settlement, you may obtain your own lawyer or represent yourself in bringing your own lawsuit against defendant for damages for the same legal claims in this lawsuit."

- In the section entitled "I Want to be Excluded," add the following after the sentence that reads "You may obtain a form to exclude . . . ": "If you are excluded and the settlement is approved, you will not receive a monetary award.

2

1 But, you will keep any right to sue defendants separately for damages and allege
2 the same legal claims in this lawsuit."

3 The long-form notice to potential damages and long-form notice to damages claimants
4 must be modified as follows:

5 • Add the following as part of the header: "A federal court has required this notice
6 to you. Please read it carefully. This is not a solicitation from a lawyer."
7 • On page one, add the following to the end of the first paragraph: "After hearing
8 your views, it is up to the Court to decide whether to give approval of the
9 proposed settlement agreement."
10 • At the top of page two of the long-form notice to *potential* damages claimants
11 omit the first and second full sentences. At the top of page two, of the long-form
12 notice to damages claimants omit the third and fourth sentences of the first full
13 paragraph.
14 • On page three, add this sentence to the end of the paragraph which reads "This is
15 only an example . . . ": "According to class counsel, the average recovery per
16 class member will be over $8,200, after deduction for attorney's fees and costs."
17 • Replace the first paragraph under section VI with the following: "If you remain a
18 class member, you can object to the settlement if you do not like any part of it.
19 You can tell the Court that you do not agree with the settlement or some part of it,
20 or/and that you object to the plan for allocating the settlement fund, or/and that
21 you object to the award of attorney's fees and expenses. You can give reasons
22 why you think the Court should not approve it, and the Court will consider your
23 views. If you want to object, to the proposed settlement, you must send your
24 objection in writing, postmarked on or before [insert date] to:"

25 Reference to "preliminary approval" must be deleted from all notices. Instead, the
26 notices should state "At this point, the Court has not approved the proposed settlement."

27 The notice deadline, which is the deadline for notice to issue in the manner set forth
28 below, is **11:59 P.M. ON JULY 16, 2012**. On or before the notice deadline, the long-form notice

3

1 to damages claimants must be mailed to the persons identified in Exhibit F to the settlement
2 agreement. On or before the notice deadline, the long-form notice to potential damage claimants
3 must be mailed to northern California disability rights groups. On or before the notice deadline,
4 the short-form notice must be posted at the restaurants covered by the certification order entered
5 in this case for a period of 30 calendar days. Also by the notice deadline, the claims
6 administrator shall establish a toll-free 800 number to answer class member questions.

### 3. DEADLINE TO OBJECT.

Class members may object to any part of the settlement. All objections must be made in writing and mailed to the Office of the Clerk of the United States District Court for the Northern District of California, Attorney Bill Lann Lee, and Attorney Michael Joblove at the addresses specified in the notices. The objections must be postmarked on or before **SEPTEMBER 17, 2012**. Class members who mail in written objections will also have an opportunity to speak at the fairness hearing and raise his or her objection, though, this is not required. Class counsel and BKC shall serve on each other and the objector and file with the Court at least seven days prior to the fairness hearing responses to any of the objections received, if the parties so wish to respond.

### 4. DEADLINE TO OPT-OUT AND RESCIND OPT-OUT.

Damages claimants who wish to exclude themselves from the monetary award provision of the settlement agreement must do so in writing by submitting a signed and dated opt-out statement with the claims administrator to the address set forth in the long-form notice to damages claimants. The opt-out statement must be postmarked on or before **SEPTEMBER 17, 2012**. Opt-out statements shall, at a minimum contain the following language, which is set forth in the notice:

> I am a damage claimant in the lawsuit of *Vallabhapurapu v. Burger King Corporation*, N.D. Cal. Civil Action No. C 11-00667 WHA. I wish to opt out of the damage portion of the settlement of this case. I understand that I am requesting to be excluded from or to opt-out of the class damage settlement and that I will receive no money from the settlement fund created under the settlement agreement. I understand that if I am excluded from the class damages settlement, I may be able to bring a separate legal action seeking damages, but may receive nothing or less than what I would have received if I had filed a claim under the damage claim

4

> settlement procedure in this case. I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provision of the settlement agreement.

Class members will be permitted to withdraw requests for exclusion from the damage provisions of the settlement agreement by submitting a rescission to the claims administrator by **NOVEMBER 15, 2012**. The statement of rescission shall, at minimum, contain the following language, included in the notice:

> I am a damages claimant in the lawsuit of *Vallabhapurapu v. Burger King Corporation*, N.D. Cal. Civil Action No. C 11-00667 WHA. I previously submitted an opt-out statement seeking exclusion from the lawsuit or the damage provisions of the class settlement. I have reconsidered and wish to withdraw my opt-out statement. I understand that by rescinding my opt-out statement I may be eligible to receive an award from the damage claims settlement fund and may not bring a separate legal action against Burger King Corporation or others for damages that relate in any way to the accessibility of the remaining BKLs for the period October 16, 2006 through the end of the term of the settlement agreement.

The rescission statement shall be signed and dated.

### 5. DEADLINE TO DECLARE SETTLEMENT NULL AND VOID.

If defendant BKC wishes to declare the settlement null and void pursuant to the "blow up" provision of the settlement agreement, BKC must do so no later than **SEPTEMBER 27, 2012**.

### 6. DEADLINE TO SUBMIT CLAIM FORM.

Damages claimants, as defined in paragraph 3.6 of the settlement agreement must postmark their completed and signed claim forms by **NOVEMBER 15, 2012**. Such claim forms shall be mailed to the claims administrator to the address specified on the claim form. Failure to postmark a completed claim form by this date will bar a damages claimant from having his or her request for a damages award considered or from receiving any damages pursuant to the settlement agreement.

5

7. **DEADLINE TO FILE MOTION FOR ATTORNEY'S FEES AND COSTS.**

Any motion for attorney's fees and costs must be filed by **AUGUST 27, 2012**.

**IT IS SO ORDERED.**

Dated: July 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6